On an accounting by the executrix of her husband's estate, where both have been successively the legal representatives of another estate, a person interested in such estate is a proper party, and authorized to file objections.

In the matter of the estate of Patrick Walton, deceased. Application of executrix to strike the names of the administrator of the deceased legatee of another estate, of which the decedent was executor, and others. Granted in part.

C. B. Plante, for executrix.

Edward J. McGuire, for contestant.

FITZGERALD, S.   The moving party is the executrix of the will of her deceased husband. He was the representative of an estate of which his widow is now the administratrix c. t. a. She is accounting as executrix of her husband's estate, and to such accounting she has made parties certain persons, one of whom is interested in the estate which the accountant represents as administratrix. She now moves to strike from the proceeding the names of these persons, and the objections which one of them has interposed. The motion is based on the claim that the persons mentioned are unnecessary and improper parties to the proceeding. The claim, as to the party who has filed the objections, is untenable. She is undoubtedly a proper party, as the estate in which she is interested is entitled to be represented upon the accounting, for the protection of its rights and interests, and by a person not having, as has the moving party, antagonistic rights and interests.   In re Quinn's Estate (Sur.) 9 N. Y. Supp. 550, 30 N. Y. St. Rep. 212; Bunnell v. Ranney, 2 Dem. Sur. 327; Solomons v. Kursheedt, 3 Dem. Sur. 310, 311. The pendency of the accounting proceedings brought under sections 2606 and 2728 of the Code of Civil Procedure, to which both the moving party and the objectant are parties, affords no sufficient reason or justification for striking out the name of the latter, or the objections which she has filed.   The objections are allowed to stand for the present, but no trial of the same shall be had until the termination of the proceedings under section 2606, when such application may be made for their disposition as the circumstances may seem to warrant.   The application, so far as it affects the objectant, is denied. As to the children of the applicant, it is granted.

Decreed accordingly.